# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-CV-308-MOC-DSC

| | |
|---|---|
| LASHONDA SIMS, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND RECOMMENDATION |
| WINSDTREAM COMMUNICATIONS, INC., et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Motion to Dismiss by Defendants Jennifer Buck, Josh Imhoff, Leslie Harrell, Sue Intihar and Adam Covington," Doc. 17, filed on September 28, 2011. On September 30, 2011, attempting to give pro se Plaintiff every reasonable opportunity to prosecute her claims in this matter, the Court issued a "Memorandum and Order," Doc. 19. The Court advised Plaintiff that she had until October 17, 2011 to respond to Defendants' Motion. Id. at 1. The Court also advised Plaintiff that "failure to respond may result in Defendants being granted the relief they seek, that is, the DISMISSAL OF THE COMPLAINT WITH PREJUDICE." Id. (emphasis in original).

On October 17, 2011, Plaintiff filed her "Response to 'Motion to Dismiss,'" Doc. 20. The reply was due on October 27, 2011 and no reply was filed. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendants' Motion to Dismiss be granted, as

discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Amended Complaint as true, as we must at this early stage in the proceeding, Plaintiff Lashonda Sims ("Plaintiff") was employed by Defendant Windstream Communications, Inc. ("Windstream"). Doc. 13. Plaintiff alleges that she was discriminated against on the basis of her race and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). Id. The alleged discriminatory acts supposedly occurred between "September 2009 – Jan. 2010" and on July 21, 2010, and involved "Termination of [Plaintiff's] employment" and "Racial discrimination." Id. at §§ C, D. Plaintiff alleges that a white co-worker improperly took credit for a sale she made in late 2009, and her complaints about that situation were ignored by Windstream. Id. at § D. Plaintiff "feel[s] [she has] been racial [sic] discriminated against because on July 21, 2010 [she] was terminated from Windstream and accused of similar behavior." Id.

In her Response to Defendants' Motion to Dismiss, Doc. 18, Plaintiff stated that "[m]y amended complaint superseded the original pleading and focused more so on the discriminatory act displayed against me while being employed at Windstream Communications, INC." Doc. 20 at 1. Plaintiff does not address the individual Defendants in her Response nor does she address their arguments in favor of dismissal.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of

advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003).

## II. DISCUSSION

Taking the limited allegations of the pro se Complaint as true and construing every inference therefrom in Plaintiff's favor, her Title VII claims against the individual Defendants[1] must be dismissed. The Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

---

[1] Plaintiff identified Adam Covington as a Defendant in her initial Complaint, and he has joined the other individual Defendants in this Motion to Dismiss, Doc. 18. However, Plaintiff did not identify Covington in the caption or in the body of her Amended Complaint, Doc. 13. The undersigned has not considered Covington as a party to this lawsuit.

3

The Fourth Court has stated that:

> Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Accordingly, Defendants Buck, Imhoff, Harrell, and Intihar are not properly named defendants as a matter of law, and Plaintiff's Title VII claims against them should be dismissed.[2]

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Motion to Dismiss by Defendants Jennifer Buck, Josh Imhoff, Leslie Harrell, Sue Intihar and Adam Covington," Doc. 17, be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to these Defendants.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

---

[2] Defendant Windstream Communications, Inc. did not join in Defendants' Motion to Dismiss and remains a Defendant in this case under the undersigned's recommendation.

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED.**

Signed: October 28, 2011

David S. Cayer
United States Magistrate Judge