
In the United States District Court

For the Western District of North Carolina

Charlotte Division

Civil No. 3:11-CV-00308-MOC-DSC

| | |
|---|---|
| LaShonda Sims ) | |
|    Plaintiff, ) | |
| v. ) | |
| ) | Response to "Recommendation for Dismissal" |
| Windstream Communications INC, ) | |
| Jennifer Buck, Josh Imhoff, Leslie Harrell, ) | |
| Sue Intihar and (Adam Covington) ) | |
|    Defendants, ) | |
| _____ ) | |

    This statement is to serve as a pleading in opposition to the "Recommendation for Dismissal" recommended on October 28, 2011. The recommendation unconsiciously supports the Defendants Jennifer Buck, Josh Imhoff, Leslie Harrell, Sue Intihar and Adam Convington racial and discriminatory acts against me. I would like to pursue my amended pleading calling attention to the statutory elements in which this case was filed.

### Argument

    I the Plaintiff initiated my original action/complaint on June 23, 2011 about two months later; on August 22, 2011 I amended my original complaint because I needed to focus more so on the discriminatory act displayed against me by Defendants Jennifer Buck, Josh Imhoff, Leslie Harrell and Sue Intihar. When these acts took place Adam Covington was not employed by Windstream Communication therefore he was not a part of the nature in which my case is built as a result I removed his name from my list of Defendants. The address listed of 1720 Galleria Blvd. Charlotte NC 28270 is the physical address in which I was employed, the same address in which the acts took place and the only address to the best of my knowledge for Defendants listed above.

It is true that I filed a charge with the Equal Employment Opportunity Commission on October 14, 2010 and after a intensive investigation and a lack of Windstreams' failure to respond and/or core operation I was granted my "Notice of Right to Sue" in which I received on March 26, 2011 (please see attached). The Defendants racially discriminated and retaliated against me over a period of time leading up to termination (Please see the attached statement in which I would like to build my case). Defendants listed several statements in which I would like to contest to; the first being over the years of me working for Windstream I had performance issues and received a number of coachings, counselings and verbal and written warnings. I oppose the statement in which they state I received a number of coachings and counselings. Performance was never an issue when I was employed by Windstream I had satisfactory scores on call monitors and ranked a score of average or above average for every yearly evaluation review. I however did receive several disciplinary actions (verbal and written warnings) after my initial complaint to Human Resources about the top telling in the business department selling and/or stealing unauthorized sale. Taking notice to the dates in which these disciplinary actions were issued is when the retaliation began. It was not until immediately following me shedding the light and addressing concerns about a person who brings in a lot of revenue to the company that I became a disciplinary problem and therefore the employment decisions made against me are discriminatory and through retaliation. I would also like to oppose the statement the Defendants made in regards to the event happening with a sale between me and another representative (Leslie White) in September 2009. They have deceitfully tried to twist the facts around when I am the victim, I am the one who actually went to management and eventually had to have the issue escalated to Human Resources. After a strenuous investigation with EEOC within the allotted timeframe permitted and my willingness to go through Mediation with Windstream I feel I am entitled to all items listed under "Request for Relief". This has been a tremulously hard and emotional event to endure and therefore I ask for your relief in "Recommendation of Dismissal"

## Conclusion

For the foregoing reasons, I the Plaintiff respectfully plead that the Defendants "Motion to Dismiss" be denied. I have stated and can prove a substantial claim in which I have been discriminated against by Windstream Communications INC. and the burden to prevail rest upon me.

Respectfully submitted on this 16th day of November, 2011

J. LaShonda Sims

Plaintiff

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lashonda Sims
6205 Red Rose Court
Charlotte, NC 28269

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2011-00131 | Christina S. Dodd, Investigator | (704) 954-6489 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]* for
Reuben Daniels, Jr.,
District Director

MAR 22 2011
*(Date Mailed)*

Enclosures(s)

cc: Georgia Robinette
4001 Rodney Parham Drive
1170-B1F02-93
Little Rock, AR 72212

November 16, 2011

To whom it may concern:

I would like to amend my current complaint Civil No. 3:11-CV-00308-MOC-DSC. I previously stated only two accounts in which I was retailed against by Windstream Communication the first on January 15, 2010 and the second on January 27, 2010. However at this time I would like to focus more so on the racial discrimination I experienced while employed by Windstream which lead to and ended with termination. I was employed by Windstream Communications on July 31, 2006 I was a diligent and faithful worker with them for almost 4 years. While employed by them I received all positive annual reviews stating I "Meet Expectation" in all areas and my random periodic call monitor evaluation scores were good as well. Late 2009 around the 10th month I assisted a customer with establishing new service for their business. I had spoken with the customer on several occasional recommending services, answering questions and providing quotes. Eventually the customer decided to place an order with me however didn't have all the necessary information for installation. The customer was instructed to call me back with the missing information. When the customer called back with the missing information I was out of the office due to a medical emergency. Upon returning to the office I contacted the customer back and they advised me they had called back to provide the missing information and also added some other services to the original request. The customer provided the name of the representative Leslie White (White Business Sales Representative) they had spoken with and also advised the representative provided them with a new order number. Per Windstreams policy and guidelines if a customer wants to add more services or modify a existing service request you are to place the changes on the same order and the representative who made the additional sales/ if any is then advised to add their seller number also called sellp beside the services they added or up-sold. In this case the representative/Leslie White cancelled my order completely out of the system and placed an entire new order which consequently resulted in me losing credit for the items I sold and gave herself the benefit of gaining more then what she was entitled to. The representative also failed to document the reason she had cancelled my order and dishonestly failed to document the replacement order number, which is also a requirement per Windstream policy and guidelines. After discovering the unethically behavior I immediately reported it to my immediate supervisor Sue Intihar (White Supervisor). Several days later after hearing no feedback I sent a follow-up email and also CC: the acting Manager Josh Imhoff (White Manager), per my read receipt it shows Josh read the email but failed to look into the matter. Several months past and the issue still had not been resolved so I went to the next person in management the Director of the Business Department Leslie Harrell (White Director). A meeting was held early December with me, Sue Intihar, Josh Imhoff, and Leslie Harrell. Within the meeting I provided all the necessary documents to support my findings.

During the meeting Josh Imhoff & Sue Intihar denied being notified of the situation. At this time I provided copies of the read receipt which showed/proved Josh had read the email however Sue Intihar had never opened hers. The meeting concluded with me being told the matter would be invegisigated and someone would follow-up with me the following business day. The next day instead of me being provided with a resolution, Josh requested another copy of the same documents that were just provided in the meeting. Another several weeks past and I still had not heard any feedback so I escalated the complaint to the next person within the management ladder which would have been Human Resources. I emailed Jennifer Buck (White HR representative) advising of all the previous attempts to get the situation resolved and she advised me she would investigate it and follow-up with me in several days. Disappointingly I never received a follow-up from her either, consequently almost immediately following me notifying her of this matter is when the retaliation began against me. I do understand a company has to keep some things confidential especially when it comes to disciplinary action but I feel this matter was never invegigated or addressed because several other incidents of similar behavior were reported against this same individual (Leslie White). I feel I have been racial discriminated against because on July 21, 2010 I was terminated from Windstream and accused of similar behavior. Within my years at Windstream I was never written up or coached about stealing sales, however the same behavior has been reported on several occasions for Leslie and she is still employed with the company at this time. To this day it is still being stated, shown and proved that Windstream and some of the Defendants are still showing favoritism towards this individual (Leslie White).