# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv308

| | |
|---|---|
| **LASHONDA SIMS,** | )<br>) |
| **Plaintiff,** | )<br>) |
| Vs. | )  **ORDER OF**<br>)  **PARTIAL DISMISSAL** |
| **WINDSTREAM COMMUNICATIONS, INC.,** *et al.*, | )<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff has filed her "Response to 'Recommendation for Dismissal'" (#22), which the court will deem to be plaintiff's objection.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all

of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

The court has read the objection and the attachments. In the objection itself, plaintiff points to no error of law or fact of Honorable David S. Cayer, United States Magistrate Judge, in recommending dismissal of the individual, non-employer defendants. Instead, she argues the merits of her claim against her employer. Such argument has no bearing on the recommendation of Judge Cayer as he did *not* recommend that the claim against Windstream Communications, Inc., be dismissed.

The court has also considered the two attachments to the objection, which appear to be a copy of a right to sue letter and an unsigned statement by plaintiff dated November 16, 2011. The right to sue letter has no bearing on the recommendation. In the statement, plaintiff details events she contends transpired during her employment that predicate this civil action. Neither of the attachments, however, direct the court to a specific error in Judge Cayer's proposed findings and recommendations. Read in a light most favorable to plaintiff, such pleading amounts to a general objection as it does not contain any specific objection to the recommendation of Judge Cayer.

In any event, the court has carefully reviewed Judge Cayer's recommendation and finds it wholly consistent with current case law, which prohibits employment discrimination claims from being brought under Title VII against anyone other than one's employer. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). The court determines that the recommendation of the magistrate judge is fully consistent with current law. Based on such determination, the court will affirm the Memorandum and Recommendation and grant

relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#21) is **AFFIRMED,** the individual defendants' Motion to Dismiss (#17) is **GRANTED**, and the Amended Complaint is **DISMISSED** with prejudice as to defendants Jennifer Buck, Josh Imhoff, Leslie Harrell, Sue Intihar, and Adam Covington.[1]

Signed: November 19, 2011

Max O. Cogburn Jr.
United States District Judge

---

[1] The court notes that plaintiff failed to include Mr. Covington in her Amended Complaint, and explains such omission in her objection; however, in an abundance of caution, the court has granted his motion inasmuch as Mr. Covington still appears as a defendant on the court's docket.